UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LARRY T. OUTLAW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 3:07 CV 54 |
| v. | ) | |
| | ) | |
| WILLIAM K. WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Larry T. Outlaw, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his 540 day loss of good time and his demotion from credit class 2 to credit class 3 in case WCC 06-05-0793 on August 21, 2006 by the Disciplinary Hearing Board (DHB) at the Westville Control Unit during the re-hearing of these charges. Outlaw was found guilty of attempting to traffic in violation of A 111/113.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4. Outlaw raises four grounds to challenge this finding of guilt.

### 1. Lay Advocate

First he argues that he was entitled to a lay advocate because he was hospitalized for diabetes at the time of the hearing. The constitution does not generally require the appointment of a lay advocate.

> Where an illiterate inmate is involved, however, or where the complexity of the issue makes it unlikely that the inmate will be able to collect and

> present the evidence necessary for an adequate comprehension of the case,
> he should be free to seek the aid of a fellow inmate, or if that is forbidden,
> to have adequate substitute aid in the form of help from the staff or from a
> sufficiently competent inmate designated by the staff.

*Wolff v. McDonnell*, 418 U.S. 539, 570 (1974). "*Wolff's* provision for lay assistance is

plainly contingent on the inmates's illiteracy or the complexity of the case . . .." *Miller v.*

*Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992).

> *Baxter v. Palmigiano*, 425 U.S. 308, 47 L. Ed. 2d 810, 96 S. Ct. 1551 (1976),
> warns the courts of appeals not to add to the procedures required by
> *Wolff*, which, *Baxter* held, represents a balance of interests that should not
> be further adjusted in favor of prisoners.

*White v. Indiana Parole Board*, 266 F.3d 759, 768 (7th Cir. 2001). *Wolff* only requires that a

lay advocate be permitted where an inmate is illiterate or the issues complex. But even

when permitted, *Wolff* only requires appointment of a lay advocate when an inmate is

forbidden from seeking the aid of a fellow inmate.

Outlaw has not presented any basis for finding that he is illiterate or that these

charges were complex. He has cogently written a great deal about this case. Having

succeeded in having the case reversed on appeal and remanded for rehearing, there is

no basis for finding that the case was too complex for him to handle without a lay

advocate. Indeed, this is a relatively simple case. Outlaw was accused of having written

a note requesting tobacco and giving it to a nurse. In response, the nurse told him that

she would never bring anything into the facility for him. Therefore *Wolff* did not require

that he be allowed a lay advocate. Nevertheless, even if it did, *Wolff* does not require

that a lay advocate be appointed unless he was forbidden to "seek the aid of a fellow

2

inmate". The Notice of Disciplinary Hearing form appears to permit him to do so since it asked him if he wanted a lay advocate and it asked him for the name and inmate number of that advocate. He checked that he wanted an advocate, but he did not name one. Outlaw does not allege that he was prevented from seeking the aid of a fellow inmate, only that he waited for the Board to appoint him one. As discussed, the board had no obligation to even permit him to obtain a lay advocate on his own, much less appoint one for him.

Outlaw argues that he was medically incapacitated and that *Vitek v. Jones*, 445 U.S. 480 (1980) requires a lay advocate for any medically incapacitated inmate. It does not. In *Vitek*, four justices agreed that an appointed attorney had to be provided to an inmate whom the state sought to transfer to a mental hospital, but that was not the majority opinion on that point. Justice Powell, concurring in part stated that, "qualified and independent assistance must be provided to an inmate who is threatened with involuntary transfer to a state mental hospital." *Id.* at 497. *Vitek* addressed the unusual circumstance where the state sought to take the extraordinary step of having an inmate involuntarily committed to a mental hospital. The court held that where the state alleged that the inmate was mentally incompetent and sought to involuntarily place him in a mental hospital it had to appoint someone to represent him. *Vitek* did not address physical illnesses nor did it address general prison discipline cases like this one. The caution of *White*, "not to add to the procedures required by *Wolff*" is applicable

3

here. Outlaw was not entitled to a lay advocate. Therefore this ground is not a basis for granting habeas corpus.

## 2. Right to Present Evidence

Second, Outlaw argues that he was denied the right to present evidence. He requested but was not allowed to present a handwriting analysis, a lie detector test, and his medical records. As to the first two items, he did not so much ask to present them as to have them created. That is to say, no handwriting analysis or lie detector test results existed to present. Rather he wanted them to be created so that he could introduce them. Though Outlaw wanted these tests, an inmate is not constitutionally entitled to such testing as a part of a disciplinary hearing. *Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("He intimates that he should be allowed to take a polygraph examination which addresses the question of whether he participated in planning or furthering an escape. We hold that Freitas was not entitled to a polygraph examination on this issue.")

As to his medical records, they are either irrelevant or redundant. "[P]risoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). So too with documentary evidence as well. The Board wrote, "Medical history not necessary to determine findings." Docket # 4-3 at 4. Outlaw sought to introduce his entire medical history in support of his argument that he had been given the wrong insulin and was not aware or in control of his actions on the morning of the alleged incident. Clearly

4

most of his medical history is irrelevant as to this point. To the extent that any of his

medical history was relevant to this point, it merely duplicated the otherwise

undisputed Conduct Report written by the nurse.

> This AM → 7:40 am I nurse Conrad LPN gave the wrong insulin to
> offender outlaw, Larry DOC # 900496. Offender was informed by myself.
> B. Brubaker NP notified. Went to C-Pod to check offenders blood sugar.
> Officer Velis present at cell. Offender complained of being slightly dizzy -
> but I did have to do sugar. Keys not available to open cuff port, offender
> then gave me a pink medical envelope. Returned to nursing office.
> Opened and read letter. Returned to Pod to check sugar. I stated to
> offender outlaw "Thank you for your respect, but I have never brought
> anything in here and never will." ofcs Parker and Cody present at cell.
> Offender look at me and shook his head. Left range with custody. Sgt.
> Ward notified.

Docket # 4-2 at 1.

*Wolff* does not require that Outlaw be permitted to introduce any of the evidence

he states was excluded, therefore this ground presents no basis for granting habeas

corpus relief.

### 3. Sufficiency of the Evidence

Outlaw argues that the Board may not rely solely on a conduct report as a basis

for finding guilt. This is incorrect.

> For its decision, the CAB relied on Fields' disciplinary report. That report
> alone provides "some evidence" for the CAB's decision. The brevity of the
> report, which McPherson finds important, is not fatal because the report
> describes the alleged infraction in sufficient detail. There is no question
> that the conduct described would violate the prison rule.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Though the conduct report

quoted above is adequate to provide some evidence of his guilt, the Board also had the

5

corroborating statements of the officer who witnessed Outlaw pass a note to the nurse, as well as the officers who witnessed the nurse inform him that she would not bring anything into the facility for him.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard,  requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

Additionally, Outlaw alleges that he was written up by the nurse in retaliation.

> [P]risoners are entitled to be free from arbitrary actions of prison officials,
> but . . . even assuming fraudulent conduct on the part of prison officials,
> the protection from such arbitrary action is found in the procedures
> mandated by due process.

*McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). Thus, the intent of the author of

the conduct report is irrelevant.

Though Outlaw does not believe that there is adequate evidence to find him

guilty because he was not shown the letter that he is alleged to have written in which he

asked the nurse to bring him tobacco, the nurse's statement to him that she would not

bring anything into the facility is some evidence that he attempted to traffic. *See*

*Superintendent v. Hill*, 472 U.S. 445, 456-57 (1985) (disciplinary action supported when

inmate was one of three seen fleeing from scene of assault even when victim denied

fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992)

(discovery of weapon in area controlled by four inmates created twenty-five percent

chance of guilt supporting disciplinary action); *Mason v. Sargent*, 898 F.2d 679, 680 (8th

Cir. 1990) (disciplinary action supported when contraband was found in locker shared

by two inmates). Therefore this ground presents no basis for granting habeas corpus

relief.

### 4. Violations of Prison Rules

Outlaw argues, "that disciplinary rules create protected due process rights for

prisoners for which prison officials are obligated to follow and deny due process when

they fail to do so. *See Gilbert v. Frazier*, 931 F.2d 1581 (7th Cir. 1991)." Memorandum in

7

Support of Petition at 12, docket # 4-5. This mis-states *Gilbert* by confusing a liberty

interest with a procedural right.

> A statute, regulation, or other legislative-type enactment that establishes a
> definite standard to guide the decision whether to (further) restrain a
> prisoner's freedom of action, rather than confiding the decision to the
> discretion of the administering authorities, is deemed to create a
> constitutionally enforceable entitlement to be free from that restraint
> unless the standard is applied to the prisoner in accordance with
> procedures that satisfy the requirements of due process of law. That is
> what Illinois has done here. It has established a definite, unqualified,
> nondiscretionary standard for determining when its prison officials may
> as a disciplinary measure take away a prisoner's right to the relatively
> greater liberty of ordinary confinement, compared to the approximation to
> solitary confinement that is segregation.

*Gilbert v. Frazier*, 931 F.2d 1581, 1582 (7th Cir. 1991). That is to say, the *Gilbert* court

found that Illinois created a liberty interest in not being placed in segregation absent

due process. *Gilbert* never provided for the enforcement of state procedural rules, only

that due process be afforded where the state created a liberty interest. Though

inapplicable to the facts of this case, even that holding was undercut by *Sandin v.*

*Conner*, 515 U.S. 472, 485 (1995), which held that "Discipline by prison officials in

response to a wide range of misconduct falls within the expected perimeters of the

sentence imposed by a court of law."

Returning to the case at hand, Outlaw argues that state procedural rules were

violated when his hearing was held outside of the time limits set by prison rules and

when he was denied a continuance permitted by prison rules.

> We have stated many times that "federal habeas corpus relief does not lie
> for errors of state law." Today, we reemphasize that it is not the province

8

of a federal habeas court to reexamine state-court determinations on
state-law questions. In conducting habeas review, a federal court is
limited to deciding whether a conviction violated the Constitution, laws,
or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted). Because this court cannot

grant habeas corpus based on a violation of a state law or prison policy, it is irrelevant,

for the purposes of this case, whether such laws or policies were violated.

### 5. Conclusion

For the foregoing reasons, this habeas corpus petition is **DENIED** pursuant to

Section 2254 Habeas Corpus Rule 4.

**SO ORDERED.**

**ENTER**: April 30, 2007

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT